**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

UNITED STATES OF AMERICA,                    Criminal No. 08-330(1) MJD/JJG

        Plaintiff,

v.                                           **REPORT AND RECOMMENDATION**

JIAN WEI DING,

        Defendant.

    David J. MacLaughlin, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

    Richard Haynes, Esq., for defendant Jian Wei Ding.

    This action came on for hearing before the Court, Magistrate Judge Jeanne J. Graham, on January 8, 2009, at the U.S. Courthouse, 316 North Robert Street, St. Paul, MN 55101. Defendant Jian Wei Ding presented motions to suppress search and seizure evidence, and at hearing defendant Ding submitted an exhibit for "four corners" review. The materials to be reviewed consisted of a federal warrant to search certain electronic media, the affidavit in support of the warrant application, and related materials.[1] The search and seizure motions with respect to the search warrant have been referred to Magistrate Judge Arthur J. Boylan for review and issuance of a report and recommendation to the district court.

    Based upon the file and documents contained therein, along with an exhibit received at hearing, the magistrate judge makes the following:

---

[1] Magistrate Judge Graham issued the search warrant that is now before the court. Therefore, Magistrate Judge Boylan is conducting the current review.

**Findings**

**December 17, 2008, Search Warrant.** On December 17, 2008, United States Magistrate Judge Jeanne J. Graham issued a warrant to search a particularly identified Motorola China Mobile cellular phone, including a removable Motorola Micro SD card; a particularly described Sony Ericsson mobile phone, containing an SIM; and a particularly identified thumb drive memory device. (Def. Hrg. Ex. 1). The electronic devices to be searched had been seized incident to the arrest of defendant Jian Wei Ding on October 21, 2008. The search warrant identified the objects of the warrant as information contained on an Attached List of Items to be Seized, including export control information and documents to include export licenses and license applications, documents relating to Export Administration Regulations or the International Traffic in Arms Regulations, applications for international import certificates, shipper's export declarations and letters of instruction, dock receipts, bills of lading, way bills, delivery orders, invoices, and manifests issued by any carrier in connection with commodities exports from the United States, and any government documents relating to the export of merchandise from the United States. The list of items to be seized further included information or documents pertaining to the import, export, re-export, or transshipment of merchandise from the United States, including specified product-related materials, contracts, financial records, business and shipping documents and customer files. The list also included reports, contracts, and other documentation regarding business relationships; various specified financial documents and records; indicia of the use of the mails or interstate or international commercial carriers; documents relating to storage locations and rental agreements; information relating to export laws; device identifying information, passwords and data security devices; stored names, aliases

and numbers; telephone calls and messages; and photographs.  The electronic device warrant was accompanied by a Search Warrant Addendum which described the protocol and methodology to be used in conducting an authorized search of electronic storage mechanisms. The warrant was issued on the basis of probable cause contained in the Affidavit of David R. Nardella, a Special Agent with the United States Department of Commerce, Office of Export Enforcement, including information incorporated by reference to an attached Criminal Complaint and supporting affidavit.  Probable cause evidence included information obtained by consensually monitored calls from a cooperating defendant, emails to an informant and a cooperating defendant, co-defendant statements, physical evidence obtained by search incident to a co-defendant's arrest, and statements by defendant Jian Wei Ding.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**Conclusions**

**December 17, 2008, Search Warrant.**  Evidence seized pursuant to a warrant to search a particularly identified Motorola China Mobile cellular phone, including a removable Motorola Micro SD card; a particularly described Sony Ericsson mobile phone, containing an SIM; and a particularly identified thumb drive memory device (Def. Hrg. Ex. 1), was not unlawfully obtained in violation of the constitutional rights of defendant Jian Wei Ding.  The electronic device search warrant was issued on December 17, 2008, and was based upon evidence sufficient to establish probable cause as stated in the Affidavit of David R. Nardella, a Special Agent with the United States Department of Commerce, Office of Export Enforcement, and as determined by United States Magistrate Judge Jeanne J. Graham.  The warrant properly and adequately identified the devices that were subject to the search, described the information

and materials to be seized, and stated the search protocol and methodology.  The search warrant in this matter was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

## RECOMMENDATION

The Court **hereby recommends** that defendant Jian Wei Ding's Motions to Suppress Evidence Obtained by Search and Seizure be **denied**.  [Docket Nos. 59 and 89].

Dated:     January 29, 2009

  s/ Arthur J. Boylan  
Arthur J. Boylan  
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before February 13, 2009.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.