UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                              **ORDER**
                                         Criminal File No. 08-330 (MJD/JJG)


(1) JIAN WEI DING,

        Defendant.
_____

David J. MacLaughlin, Assistant United States Attorney, Counsel for Plaintiff.

Richard Haynes, Richard Haynes & Associates, PC, and Andrew S. Birrell, Birrell & Newmark, Ltd., Counsel for Defendant Jian Wei Ding.
_____

     The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge Arthur J. Boylan dated January 29, 2009 [Docket No. 103] and the Report and Recommendation of United States Magistrate Judge Jeanne J. Graham dated February 3, 2009 [Docket No. 108].  Defendant Jian Wei Ding filed objections to each Report and

1

Recommendation.

Pursuant to statute, the Court has conducted a de novo review of the record, including the transcript and all exhibits submitted to the Court.  28 U.S.C. § 636(b)(1); Local Rule 72.2(b).  Based upon that review, the Court **ADOPTS** the Report and Recommendation of United States Magistrate Judge Arthur J. Boylan dated January 29, 2009.  The Court further notes that the affidavit in support of the search warrant incorporated the attached exhibits, which provided additional detail regarding the evidence, such as emails and monitored telephone calls, that adequately supported a finding of probable cause.

Based upon the Court's de novo review of the record, the Court also **ADOPTS** the  Report and Recommendation of United States Magistrate Judge Jeanne J. Graham dated February 3, 2009, with the exception that the last paragraph on page 5 of the Report and Recommendation is amended to read:

> At one point during the post-Miranda interrogation, Nardella told Ding that Ping Cheng had been arrested.  Ding responded with a blank stare, which led Nardella to believe that Ding might be confused about what was said.  So Nardella asked Lin to translate, and in Mandarin, Lin again told Ding that Cheng had been arrested.  This was the only point where Ding appeared to have any difficulty understanding English.

The Court further notes that the agents' pre-Miranda questions to Ding, such as

2

those regarding his name and employment, were asked in order to establish his identity, and were not directly relevant to the substantive offense charged.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation dated January 29, 2009 [Docket No. 103].

2. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation dated February 3, 2009 [Docket No. 108], with the exception that page 5 of the Report and Recommendation is amended as set forth above.

3. Jian Wei Ding's Motions to Suppress Evidence Obtained by Search and Seizure [Docket Nos. 59 and 89] are **DENIED**.

4. Ding's Motions to Suppress Statements [Docket Nos. 60 and 88] are **DENIED**.

5. Ding's other Motions to Suppress [Docket Nos. 57 and 58] are **DENIED**.

Dated:   March 12, 2009                         s/ Michael J. Davis
                                                Michael J. Davis
                                                Chief Judge
                                                United States District Court